DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| CAPTAIN'S COMMAND AT BLUEBEARD'S BEACH CLUB OWNERS' ASSOCIATION, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN HOGUE,<br><br>    Defendant. | Civil No. 2019–13 |
| BRIAN HOGUE,<br><br>    Counterclaimant,<br><br>    v.<br><br>CAPTAIN'S COMMAND AT BLUEBEARD'S BEACH CLUB OWNERS' ASSOCIATION, INC.,<br><br>    Counterclaim Defendant. |  |

**APPEARANCES:**

**Richard H. Dollison**
Law Offices of Richard H. Dollison PC
St. Thomas, VI
    *For the plaintiff/counterclaim defendant Captain's Command*
    *at Bluebeard's Beach Club Owners' Association, Inc.,*

**Brian Hogue**
Boise, ID
    *Pro Se.*

**ORDER**

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff/counterclaim defendant, Captain's Command at

Bluebeard's Beach Club Owners' Association, Inc., to remand this matter to the Superior Court of the Virgin Islands.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Bluebeard's Beach Club is a condominium located on St. Thomas, United States Virgin Islands. Captain's Command at Bluebeard's Beach Club Owners' Association, Inc., (the "Association") is a not-for-profit association of condominium owners at Bluebeard's Beach Club. The Association was formed pursuant to a document entitled "Declaration of Condominium Establishing Captain's Command at Bluebeard's Beach Club an Interval Ownership Condominium," dated October 13, 1997 (the "Declaration").

Pursuant to the Declaration, the Association is responsible for the administration and management of Bluebeard's Beach Club, including the maintenance and repair of certain common areas. Additionally, pursuant to the Declaration, the Association has the authority to impose and collect certain dues from condominium owners at Bluebeard's Beach Club to pay for such collective maintenance, repair, and utility costs.

On September 10, 2010, Brian Hogue ("Hogue") allegedly became an owner of a timeshare[1] at Bluebeard's Beach Club.

---

[1] A timeshare plan is a form of property ownership that allows owners of interests in the plan to share rights to use the timeshare plan property, where typically each owner is allotted their own period of time for use.

Thereafter, Hogue allegedly failed to pay certain dues imposed by the Association.

On August 31, 2018, the Association recorded a statutory lien pursuant to 28 V.I.C. § 922 against Hogue's timeshare at Bluebeard's Beach Club for the unpaid dues assessed by the Association.

On September 12, 2018, the Association brought an action for debt and foreclosure against Hogue in the Superior Court of the Virgin Islands. In its complaint, the Association claims that, as of July 11, 2018, Hogue has an outstanding debt of $9,899.96, plus interest and collections costs accruing thereafter.

On March 12, 2019, Hogue filed an answer and counterclaim for negligence. The counterclaim asserts damages in the amount of $80,000 and requests an award of punitive damages in the amount of $100,000. On that same day, Hogue also removed the action to this Court.

On March 22, 2019, the Association filed a motion to remand this matter back to the Superior Court for want of subject-matter jurisdiction.

Hogue has not filed an opposition to the motion to remand.

## II. <u>DISCUSSION</u>

A defendant may remove any civil action brought in a State or Territorial court "of which the district courts of the United

States have original jurisdiction." 28 U.S.C. § 1441(a). Ordinarily, a district court has jurisdiction "over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. Apr. 18, 2011) (quoting 28 U.S.C. §§ 1331, 1332(a))

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. "The party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

### III. <u>ANALYSIS</u>

The Association contends that this Court lacks subject matter jurisdiction because the amount in controversy in this case does not exceed $75,000.

As a general rule, the amount in controversy "is determined from the good faith allegations appearing on the face of the complaint. A complaint will be deemed to satisfy the required amount in controversy unless the defendant can show to a legal certainty that the plaintiff cannot recover that amount." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997) (citing *St. Paul Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)) (internal citations omitted).

In its Complaint, the Association seeks only $9,899.96 in monetary damages. This sum being less than $75,000, the amount-in-controversy requirement for diversity jurisdiction would ordinarily not be satisfied. Notwithstanding the Association's asserted damages Hogue asserts that this Court has diversity jurisdiction because the damages sought in his counterclaim are greater than the amount-in-controversy requirement.

In *Daybreak, Inc. v. Friedberg*, No. 2012-76, 2013 WL 1831660 (D.V.I. May 1, 2013), this Court had occasion to consider whether the damages sought in a counterclaim may be considered in calculating whether the amount-in-controversy requirement has been satisfied. In that case, the Court explained that, in general, federal courts do not consider damages pled in permissive counterclaims when calculating the amount-in-controversy. *See id.* at *2 (collecting cases).

However, with respect to compulsory counterclaims, federal courts are split. *See id.* (collecting cases).

In *Daybreak*, this Court proceeded to examine *Spectacor Management Group v. Brown*, 131 F.3d 120 (3d Cir. 1997). In *Spectacor*, the defendant made a compulsory counterclaim pursuant to Federal Rule of Civil Procedure 13 ("Rule 13"). The Third Circuit held that the amount of a compulsory counterclaim, brought pursuant to Rule 13, "may be considered in determining if the amount in controversy exceeds the statutory requirement for [original] diversity jurisdiction." *Id.* at 121; *see also Northland Ins. Co. v. Lincoln Gen. Ins. Co.*, 153 F. App'x 93, 94 n.1 (3d Cir. 2005) (noting that the amount-in-controversy requirement was satisfied because the defendant brought a Rule 13 counterclaim seeking $675,000 in damages).

At the same time, the Third Circuit in *Spectacor* was careful to note that "removal is governed by considerations inapplicable to cases involving the exercise of original jurisdiction." 131 F.3d at 125. It further cautioned "that removal jurisdiction must . . . be narrowly construed in favor of the non-removing party to prevent . . . encroachment on the right of state courts to decide cases properly before them." *Id.* at 126.

In light of this language and the general practice of district courts in this Circuit, this Court concluded that

"diversity jurisdiction cannot be established in the removal context by the damages sought in a compulsory counterclaim." *See Daybreak, Inc.*, No. 2012-76, 2013 WL 1831660 at *3 (collecting cases).

Since this Court's ruling in *Daybreak*, the Supreme Court has unambiguously stated that "Section 1441(a) [] does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). Accordingly, the Court will not consider the damages sought in Hogue's counterclaim.

As noted above, it is undisputed that the Association in its complaint seeks damages only in the amount of $9,899.96. The damages sought are thus less than $75,000. The amount in controversy is therefore less than the threshold amount required in order for this Court to exercise jurisdiction on the basis of diversity of citizenship. There being no other basis for the exercise of federal jurisdiction, this matter must be remanded to the Superior Court of the Virgin Islands.

The premises considered, it is hereby

**ORDERED** that the Association's motion to remand, ECF No. 4, is **GRANTED**; it is further

**ORDERED** that this action be and hereby is **REMANDED** to the Superior Court of the Virgin Islands; and it is further

**ORDERED** that the Association's motion for a hearing, ECF No. 5, on its motion to remand is **MOOT**.

```
                              S_____
                                 Curtis V. Gómez
                                   Chief Judge
```